IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41074
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRUCE A. HAMMOND,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-72-1
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Bruce A. Hammond was convicted for possessing with intent to distribute 762 kilograms of marijuana.  On appeal, Hammond argues that the district court erred in allowing lay-witness opinion into evidence.  We review the district court's ruling regarding the admissibility of opinion testimony for abuse of discretion. United States v. Washington, 44 F.3d 1271, 1282 (5th Cir. 1995).

     Under Fed. R. Evid. 701, lay opinion is admissible if it is based on personal perception, is one that a normal person would

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

form from those perceptions, and is helpful to the jury.  United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997).  The witness in question, Daniel Squires, was shown photographs of the vehicle and opined that the plywood compartment containing the marijuana was visible when the trailer was unhitched.  Hammond argues that the testimony was not helpful to the jury because it substituted Squires's opinion for their own.  Although it is true that each juror could form his own opinion as to whether the plywood compartment was in fact visible from the front of the trailer based on the photographs in evidence, any juror unfamiliar with such trucks would not be able to form an opinion as to whether the plywood compartment was a normal part of the trailer.  This is not an opinion as to the ultimate question of whether Hammond had knowledge that the compartment contained marijuana, it was a simple observation that a truck driver would have been able to see the plywood compartment when the trailer was unhitched.  This opinion was an inference fairly drawn from Squires's own experience and the photographs of the vehicle.  The district court did not abuse its discretion in allowing it.  See Riddle, 103 F.3d at 429.

AFFIRMED.